IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARILYN K. COTTER,

       Plaintiff,

v.                                                        Civil Action: 5:06-CV-72

PRUDENTIAL FINANCIAL and
PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

       Defendants.

**MEMORANDUM, OPINION, and ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REQUEST FOR ORDER REGARDING REQUESTS FOR ADMISSION AND SETTING A HEARING REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

On October 17, 2006 came the above named Plaintiff, by Timothy F. Cogan, in person, and the above named Defendants, by Amy S. Gurgle, by telephone, for Plaintiff's Motion for Order Regarding Requests for Admission. Testimony was not taken, and no other evidence was introduced.

I. Introduction

A.    Background.

This case concerns Defendant Prudential Insurance Company of America's (hereinafter Defendant) denial of insurance benefits to Plaintiff. The parties agree the case is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. A dispute arose regarding Plaintiff's Requests for Admission. Plaintiff filed a Motion for Order Regarding Requests for Admission against Defendant on September 19, 2006. On September

25, 2006, this Court set an evidentiary hearing and argument for October 17, 2006, to consider Plaintiff's motion. Defendant filed its Response to the Motion on October 3, 2006. Plaintiff filed a Reply on October 10, 2006. The hearing was duly held on October 17, 2006.

B.  The Motion.

Plaintiff's Motion for Order Regarding Requests for Admission[1]

C.  Decision.

Plaintiff's Motion for Order Regarding Requests for Admission is hereby GRANTED IN PART and DENIED IN PART. The Motion is GRANTED regarding Requests 6 and 8-19. The Motion is DENIED regarding Requests 3-5 and 7. However, Defendant shall answer Requests 3-5 to the extent possible under the record. Defendant shall answer within fourteen days of this Order. Defendant shall also prepare answers to Requests 3-5 in case the district judge later determines the information is appropriate. Defendant and counsel for Defendant shall be given an opportunity to be heard on December 8, 2006, at 2:00pm, regarding why reasonable expenses should not be awarded to Plaintiff.

## II. Facts

1. On July 20, 2006, the parties jointly agreed that any requests for admission should be served by August 10, 2006, and any responses should be served by September 11, 2006.[2]

2. On August 3, 2006, the Honorable Frederick P. Stamp, Jr., U.S. District Judge, entered a

---

[1] Docket No. 12.

[2] Docket No. 7

Scheduling Order.[3] The Court ordered the parties complete discovery by September 19, 2006. The Court stated the term "completed discovery" meant "that all discovery, objections, motions to compel and all other motions and replies relating to discovery in this civil action must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses." The Court further stated that "all discovery" within the term "completed discovery" "includes the disclosures required by Fed. R Civ. P. 26(a)(1), (2) and (5), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3)." The Court also ordered that "The preemptive limitations on discovery under Fed. R. Civ. P. 26(a)(5) (i.e., numbers of interrogatories, requests for admission, and depositions) set out in LR Civ P 26.01(c) apply to this action unless stipulated to by the parties and agreed to by the Court or otherwise ordered."

3. On August 10, 2006, Defendant served one Request for Admission on Plaintiff. Plaintiff did not respond to the Request.

4. On August 15, 2006, Plaintiff served her Requests for Admission on Defendant.[4] Defendant filed its Objections and Responses on September 11, 2006.[5]

5. In its Objections and Responses, Defendant raised two objections to each of Plaintiff's nineteen Requests for Admission. First, Defendant asserted that since the parties had jointly agreed on July 20 that all requests for admission be served by August 10, 2006,

---

[3] Docket No. 9

[4] Docket No. 10

[5] Docket No. 11

Plaintiff's Requests filed on August 15, 2006, were untimely. Second, Defendant asserted the Requests were irrelevant since the case was to be decided on the administrative record alone. Defendant also objected to Request 3 as seeking a statement of law.

6. Plaintiff filed this Motion, which proceeded as set forth above.

### III. Plaintiff's Motion for Order Regarding Requests for Admission

A. Contentions of the Parties

Plaintiff asks this Court to grant her Motion pursuant to Federal Rule of Civil Procedure 36.[6] Plaintiff submits that although she served her requests after the deadline established by the parties, they were timely by the Scheduling Order of Court. Plaintiff also argues the requests are important to aid the Court in interpreting the contents of the administrative record. Plaintiff asks the Court to find that by not responding to the Requests, Defendant has admitted Requests 3-19.[7] In the alternative, Plaintiff seeks an order compelling Defendant to answer. Plaintiff also seeks attorney fees and costs related to this Motion.

Defendant asks the Court to deny the Motion. Defendant argues the Requests are untimely under the parties' agreed scheduling time frame. It also contends the Requests improperly seek to introduce new evidence into the administrative record, when the case is to be

---

[6] In her Reply, Plaintiff argues that since Defendant Prudential Financial did not respond, it should be deemed to have admitted the Requests for Admission. See Fed. R. Civ. P. 36(a). At oral argument, counsel for Prudential Insurance Company of America asserted no entity known as Prudential Financial exists. The Court declines to consider the question of whether Prudential Financial exists without having any evidence presented on the issue.

[7] Plaintiff does not challenge the objections to Requests 1 and 2.

4

decided on the administrative record alone.

B.  The Standards

1.  Discovery - Scope.  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."  Fed. R. Civ. P. 26(b)(1).

2.  Discovery - Scope.  A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  In addition, "the discovery rules are given 'a broad and liberal treatment.'"  Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)).  However, the discovery sought must be relevant.  Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[8]

3.  Discovery - Relevancy.  A court must strike a balance between the broad scope of

---

[8] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions.  It recognizes the reasons for this and acknowledges them.

the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted).

4. <u>Discovery - Duty to Supplement</u>. Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26 (e)(2).

5. <u>Discovery - Duty to Respond Fully and Completely - No Gamesmanship</u>. Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. Hansel v. Shell Oil Corporation, 169 F.R.D. 303 (E.D. Pa. 1996).

6. <u>Discovery - Requests for Admission</u>. Federal Rule of Civil Procedure 36 governs requests for admission. It states that parties may request admission "of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of

fact or of the application of law to fact." Fed. R. Civ. P. 36(a).

7. <u>Discovery - Requests for Admission - Motion to Compel</u>. Federal Rule of Civil Procedure 36(a) allows a party who has served a request for admission to move the court "to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served."

C. <u>Discussion</u>

I.

<u>The Timeliness of the Requests for Admission</u>

The first issue concerns whether Plaintiff's Requests for Admission were timely. Plaintiff contends they were timely under the August 3, 2006, Scheduling Order of the Court. Defendant asks the Court to find them untimely under the parties' agreed time frame of July 20, 2006.

A valid scheduling order controls the litigation until modified. Fed. R. Civ. P. 16(e). Where a scheduling order and a time frame agreed to by the parties conflict, the scheduling order controls. <u>Id.</u>; <u>see also</u> <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 610 (9th Cir. 1992) (stating that "The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier").

The Scheduling Order provided Plaintiff's August 15, 2006, Requests for Admission were timely. The Order called for the parties to complete discovery by September 19, 2006. It stated that "completed discovery" meant "that all discovery, objections, motions to compel and

all other motions and replies relating to discovery in this civil action must be filed in time for the parties objecting or responding to have the opportunity . . . to make responses."[9] It further stated that "all discovery," as used in the definition of "completed discovery," encompassed "the disclosures required by Fed. R. Civ. P. 26(a)(1), (2) and (5), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3)." The Order also provided that "The preemptive limitations on discovery under Fed. R. Civ. P. 26(a)(5)" included requests for admission and would remain in place "unless stipulated to by the parties and agreed to by the Court or otherwise ordered." Thus, the Order provided Plaintiff had to serve any Requests for Admission in time for Defendant to have time to reply or object by September 19, 2006. Since Plaintiff served her Requests on August 15, 2006, Defendant had thirty days, or September 14, 2006, to reply. Fed. R. Civ. P. 36(a). However, since Plaintiff served her Request by fax and first class mail, Rule 6(e) added three days to this.[10] Defendant thus had until September 17, 2006, to respond. However, since this was a Sunday, Defendant had until September 18, 2006. This falls one day within the time limit and so is timely within the Court's Scheduling Order.

---

[9] Although the Order states that motions to compel must be filed in time for the other party to make responses by September 19, the Court construes this to only apply to discovery requests made before the Order. If Plaintiff had filed his Requests on August 4 (the day after the Scheduling Order was entered), Defendant's Answers would have been due September 6. Fed. R. Civ. P. 36(a). See note ten for why three days are added. Even if Plaintiff had filed his Motion September 7, Plaintiff would have had fourteen days to respond under Local Rule of Civil Procedure 7.02(b), plus another three days under Federal Rule 6(e). Defendant's Response would not have been due until after the deadline. Thus, the Court construes the Order to only require parties filing discovery requests after entry of the Order to file in time for the other party to respond or object to the request.

[10] Federal Rule of Civil Procedure 6(e) states that "Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)." In making service by mail and fax, Plaintiff acted under Rule 5(b)(2)(B) and (C).

II.

The Merits of Plaintiff's Requests for Admission

Having concluded Plaintiff's Requests for Admission were timely, the Court will proceed to consider whether they are proper in light of Defendant's objections. Plaintiff argues the Requests simply aid in interpreting the administrative record. Defendant contends the Requests in fact seek to introduce additional evidence into the record in a case that should be decided upon the administrative record alone.

Requests for admission are governed by Federal Rule of Civil Procedure 36. This allows a party to "serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact." Fed. R. Civ. P. 36(a). Requests for admission "narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation." Adventis, Inc. v. Consol. Property Holdings, Inc., 124 Fed. Appx. 169, 172 (4th Cir. 2005).

The amount of evidence the Court may consider in this ERISA case significantly depends upon the standard of review applied. In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Supreme Court held that a denial of ERISA benefits "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." This means that de novo review will be the norm. Bedrick by & Through Humrickhouse v. Travelers Ins. Co., 93 F.3d 149, 152 (4th Cir. 1996). To qualify for the abuse of discretion standard, the terms of the plan must "clearly grant discretion." Gallagher v. Reliance Std. Life Ins. Co., 305 F.3d

9

264, 269 (4th Cir. 2002). Ambiguous terms will be "construed against the drafter of the plan . . . in accordance with the reasonable expectations of the insured." Bynum v. CIGNA Healthcare of N.C., Inc., 287 F.3d 305, 313-14 (4th Cir. 2002). Nevertheless, no specific words are necessary to give the administrator authority and implicit conferral of authority is possible. Gallagher, 305 F.3d at 268. If the plan does give "the administrator [discretion] to determine eligibility or to construe terms of the plan, then a court reviews the decision to deny benefits for abuse of discretion." Feder v. Paul Revere Life Ins. Co., 228 F.3d 518, 522 (4th Cir. 2000).

The Fourth Circuit determined the amount of evidence a district court conducting de novo review could consider in Quesinberry v. Life Insurance Co. of North America, 987 F.2d 1017 (4th Cir. 1993). The court held that in the majority of cases, a reviewing court "should only look at the evidence that was before the plan administrator or trustee at the time of the determination." Id. at 1025. District courts may consider evidence outside the administrative record "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review." Id. Such a case would require "exceptional circumstances" such as

> consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

Id. at 1027. The district court does not have to allow additional evidence in these cases, however. Id. The decision is left to the district court's discretion. Id.

The Fourth Circuit discussed the amount of evidence a district court may consider when

reviewing a plan granting the administrator authority in Sheppard & Enoch Pratt Hospital v. Travelers Insurance Co., 32 F.3d 120 (4th Cir. 1994). The court held that while courts conducting de novo review could sometimes consider evidence outside the administrative record, "the contrary approach should be followed when conducting a review under either an arbitrary and capricious standard or under the abuse of discretion standard." Id. at 125.

This Court declines to consider the question of whether the policy at issue conferred discretion upon Prudential and whether a de novo or abuse of discretion standard of review applies. This decision will be made by the district judge when he considers the motions for summary judgment and rules on the merits of the case. It is inappropriate for the Undersigned, who is only considering a motion for requests for admission, to intrude into the district judge's province in this regard.[11]

Nevertheless, it may be appropriate for the Court to rule on some of the Requests for Admission. Requests simply seeking to have Defendant admit the contents of the administrative record it provided are certainly appropriate under either standard. Sheppard, 32 F.3d at 125; Quesinberry, 987 F.2d at 1025. After all, Federal Rule of Civil Procedure 36(a) provides that parties may serve requests concerning "the truth of any matters . . . that relate to statements or opinions of fact or the application of law to fact." Requests for admission could help clarify the contents of the administrative record. Adventis, Inc., 124 Fed. Appx. at 172. Furthermore, the Fourth Circuit has implicitly approved discovery under the deferential standard to determine how the administrator made its decision to deny benefits. Bedrick, 93 F.3d at 153-154. In Bedrick,

---

[11] The Court recognizes other magistrate judges have not taken this approach and have instead decided the applicable standard. See Silva v. Fortis Benefits Ins. Co., 437 F. Supp. 2d 819, 828 (N.D. Ill. 2006); Bennett v. UNUM Life Ins. Co. of Am., 321 F. Supp. 2d 925, 929 (E.D. Tenn. 2004).

the court discussed how an answer to an interrogatory asking about how the administrator made its decision revealed a flawed analysis. Id. at 153. The court also considered how the deposition of a doctor revealed the doctor's lack of qualifications and the lack of basis for her medical evaluation of the claimant. Id. at 153-54.

The court in Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 103 (W.D.N.Y. 2000) identified four areas where discovery may be appropriate even under the deferential standard. The court listed the following areas:

> (i) the exact nature of the information considered by the fiduciary in making its decision, (ii) whether the fiduciary was competent to evaluate the information in the administrative record, (iii) how the fiduciary reached its decision, and (iv) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim.

Id.; see also Cerrito v. Liberty Life Assur. Co., 209 F.R.D. 663, 664 (M.D. Fla. 2002) (listing these four areas and adding a fifth area of determining whether a conflict of interest exists).[12] The areas listed in Nagele largely parallel the evidence evaluated by the Fourth Circuit in Bedrick. This Court finds that even assuming arguendo that the abuse of discretion standard applies in this case, discovery is appropriate within the four areas identified in Nagele, 193 F.R.D. at 103. With these principles in mind, the Court will consider whether, assuming arguendo that the abuse of discretion standard applies, any of the disputed Requests for Admission should be granted.

---

[12] Although the Cerrito court identified possible conflict of interests as an area where courts should allow discovery even under deferential review, the Fourth Circuit has explicitly rejected this position. Donnell v. Metro Life Ins. Co., 165 Fed. Appx. 288, 297 (4th Cir. 2006). The appropriate remedy for a conflict of interest under deferential review is to lessen the amount of deference given the administrator. Id.; see also Stup v. UNUM Life Ins. Co. of Am., 390 F.3d 301, 307 (4th Cir. 2004).

Request for Admission 3 asked Defendant to admit that during the twenty four months Plaintiff received disability benefits, the test for determining disability "was whether Cotter could perform the duties of her regular occupation." Plaintiff's Motion for Summary Judgment states a different standard for determining disability applies after twenty four months of payments. Pl.'s Motion for Summary Judgment at 14. Therefore, the information sought does not relate to the actual decision making process Defendant used to deny benefits. Bedrick, 93 F.3d at 153-154; Nagele, 193 F.R.D. at 103. The Motion regarding this Request is therefore DENIED.

Request for Admission 4 asked Defendant to admit that Plaintiff "paid for the disability insurance benefits which Prudential now denies her on the basis of a mental illness limitation." This Request has nothing to do with the four Nagele categories and the Motion regarding this Request is therefore DENIED.

Request for Admission 5 asked Defendant to admit Plaintiff did not know she could lose benefits after twenty four months. The Nagele categories deal with the administrator's decision making process, not the claimant's mental state. Nagele, 193 F.R.D. at 103. The Motion regarding this Request is accordingly DENIED.

Request for Admission 6 asked Defendant to admit page 433 of the administrative record contains a certain statement. Information contained in the administrative record is admissible under either de novo or abuse of discretion review. Sheppard, 32 F.3d at 125; Quesinberry, 987 F.2d at 1025. Asking Defendant to admit what the information it provided contains is consistent with Federal Rule of Civil Procedure 36(a). Adventis, Inc., 124 Fed. Appx. at 172. Admissions regarding the contents of the record could help focus the dispute before the Court and save

judicial resources.  Id.  The Motion regarding this Request is therefore GRANTED.

Request 7 asked Defendant to admit the file it gave Plaintiff and the Court did not have a copy of Plaintiff's policy in it.  Defendant responded it does not keep hard copies of the policy in each insured's file since it maintains the policy electronically.  Defendant stated it would include the policy in the administrative record.  Although Defendant raised the same two objections to this Request as every other Request, it is clear from the answer the file given to Plaintiff did not contain a copy of the policy.  Thus, Defendant admitted the Request. Hence, the Motion regarding Request 7 is DENIED.

Like Request for Admission 6, Requests for Admission 8-10 simply sought to have Defendants admit the administrative record contains certain items.  The Motion regarding these Requests is accordingly GRANTED for the same reasons as in Request 6.

Request for Admission 11 asked Defendant to admit none of the persons Defendant employed to analyze Plaintiff's claim "indicated that they had any certification or education degree in vocational analysis."  The Court assumes that "indicated" means indicated in the record.  The Motion regarding this Request is therefore GRANTED for the same reasons as in Request 6.

Request for Admission 12 asked Defendant to admit normal shoulder abduction is 180 degrees.  It stated the administrative record refers to Defendant's agents calling Plaintiff's one hundred degrees of abduction as "within normal limits."  This information goes to "how the fiduciary reached its decision," and should therefore be answered.  Nagele, 193 F.R.D. at 103.  The Motion regarding this Request is therefore GRANTED.

Request for Admission 13 again only asked Defendant to admit the specific contents of

the administrative record.  The Motion regarding this Request is therefore GRANTED.

Request for Admission 14 asked about an office note made a few weeks prior to September 15, 2005.  While the Request did not contain specific reference to the administrative record, given that part of the contents are in quotation marks it appears highly likely the note referenced is in the record.[13]  The Court assumes it does.[14]  The Motion regarding this Request is therefore GRANTED.

Requests for Admission 15 and 16 asked Defendant to admit the record contains certain information.  The Motion for these Requests is GRANTED for same reasons as in Request 6.

Request for Admission 17 asked Defendant to admit it used the same definition of sedentary work and light work as the Social Security Regulations do.  This clearly concerns "how the fiduciary reached its decision."  Id.  The Motion regarding this Request is therefore GRANTED.

Requests for Admission 18 and 19 again only asked Defendant to admit what the record contains.  The Motion for these Requests is therefore GRANTED for the same reasons set forth for Request 6.

Notwithstanding the foregoing analysis, Defendant shall answer Requests 3-5 to the extent possible under the administrative record.  The Court believes an illustration will help make this clear.  Request 3 asks Defendant to admit that "The test for disability, at least during the first 24 months of disability, was whether Cotter could perform the duties of her regular occupation."  Defendant shall answer as if this Request said "The record stated that the test for

---

[13] The Undersigned does not possess a copy of the administrative record.

[14] If the record in fact does not contain this note, Defendant may respond as such.

15

disability . . ."

Finally, Defendants shall prepare full and complete answers to Requests 3-5 in case the district judge later determines a de novo standard of review applies and the information contained in the Requests should be considered.  See Quesinberry, 987 F.2d at 1026-27.  This will avoid a potential waste of judicial resources as the Court will not have to wait for Defendant to prepare answers.

In summary, the Motion regarding Requests 3-5 and 7 is DENIED.  However, Defendant shall answer Requests 3-5 to the extent possible under the administrative record.  Defendant shall also prepare answers to Requests 3-5 in case the district judge subsequently determines de novo review applies and the information contained in the Requests should be considered.  The Motion regarding Requests 6 and 8-19 is GRANTED.  Pursuant to Local Rule of Civil Procedure 36.01(b), Plaintiff shall have fourteen days from the date of this Order to serve answers.

III.

Plaintiff's Motion for Attorney Fees and Costs

Plaintiff asks the Court to award her attorney fees and costs associated with this Motion. Federal Rule of Civil Procedure 36(a) provides that "The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion."  Rule 37(a)(4)(A) states as follows:

> If the motion is granted or if the disclosure of requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

16

Although the parties briefly addressed this issue at the hearing, the Court believes Defendant and defense counsel should have a more significant chance to address this issue. Therefore, the Court will hold a hearing on December 8, 2006, at 2:00pm, regarding whether Plaintiff should receive attorney fees and costs.

## IV. Decision

Plaintiff's Motion for Order Regarding Requests for Admission is hereby GRANTED IN PART and DENIED IN PART. The Motion is GRANTED regarding Requests 6 and 8-19. The Motion is DENIED regarding Requests 3-5 and 7. However, Defendant shall answer Requests 3-5 to the extent possible under the record. Defendant shall answer within fourteen days of this Order. Defendant shall also prepare answers to Requests 3-5 in case the district judge later determines the information is appropriate. Defendant and defense counsel shall be given an opportunity to be heard on December 8, 2006, at 2:00pm, regarding why reasonable expenses should not be awarded to Plaintiff.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order. Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 7, 2006

                                     /s/ James E. Seibert
                                     JAMES E. SEIBERT
                                     UNITED STATES MAGISTRATE JUDGE