IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MARILYN K. COTTER,

            Plaintiff,

v.                                                          Civil Action: 5:06-CV-72

PRUDENTIAL FINANCIAL and
PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

            Defendants.


## MEMORANDUM, OPINION, and ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS


On December 8, 2006, came the above named Plaintiff, by Timothy F. Cogan, in person,

and the above named Defendants, by Amy S. Gurgle, by telephone, for Plaintiff's Motion for

Attorney Fees and Costs. Testimony was not taken, and no other evidence was introduced.


I. Introduction

A.      Background.

The parties agree the case is governed by the Employee Retirement Income Security Act

of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. A dispute arose regarding Plaintiff's requests for

admission. Plaintiff filed a Motion for Order Regarding Requests for Admission against

Defendant on September 19, 2006.[1] Defendant filed its Response to the Motion on October 3,

---

[1] By "Defendant," the Court refers only to Prudential Insurance Company of America.
Only Prudential Insurance Company of America filed objections to the Motion for Order. Since
Prudential Financial did not respond, Plaintiff asked they be deemed to have admitted the
requests for admission. At oral argument regarding the Motion for Order, defense counsel stated

2006. Plaintiff filed a Reply on October 10, 2006. On November 7, 2006, this Court issued a

Memorandum, Opinion, and Order granting in part and denying in part Plaintiff's Motion. The

Court set a hearing for December 8, 2006, to consider the Motion for Attorney Fees and Costs

Plaintiff had included in its Motion for Order Regarding Requests for Admission. Plaintiff filed

a Motion for Attorney Fees and Costs and a brief in support on December 5, 2006. Defendant

filed a Response that same day. The Court held a hearing and opportunity to be heard regarding

Plaintiff's Motion for Attorney Fees and Costs on December 8, 2006.

B.      The Motion.

        Plaintiff's Motion for Attorney Fees and Costs.[2]

C.      Decision.

---

no entity known as Prudential Financial exists. The Court found it inappropriate to rule on
whether Prudential Financial exists without any evidence on the matter. At oral argument
regarding the instant motion, Plaintiff renewed her request that Prudential Financial be deemed
to have admitted the requests. Plaintiff's counsel stated defense counsel had entered an
appearance for Prudential Financial in the past. The record shows, however, that defense
counsel did not enter an appearance for Prudential Financial until she filed a Motion to Amend
on October 26, 2006. This was after the hearing on the Motion for Order was held.

        The Motion to Amend seeks to correct alleged confusion in the pleadings. It is argued
Plaintiff has mis-labeled the Defendants she seeks to name in the suit. The Motion asks the
Court to correct this by ordering all pleadings "in this matter by any and all of the Defendants be
deemed to be filed on behalf of both of the Defendants, Prudential Financial, Inc., and The
Prudential Insurance Company of America." The Court has not yet ruled on this Motion. It is
further noted that defense counsel stated at oral argument regarding the instant Motion that
Prudential Financial should be properly referred to Prudential Financial, Inc.

        In light of the Motion to Amend, the Court believes it inappropriate to rule on whether
Prudential Financial, Inc., should be deemed to have admitted the requests for admission. The
resolution of the Motion to Amend will likely play a material role in the resolution of that matter.
The Court further notes Plaintiff has filed a response in opposition to the Motion to Amend.
Thus, the Court leaves the issue of whether Prudential Financial, Inc., should be deemed to have
admitted the requests for admission to another day.

        [2] Docket Nos. 12, 39.

Plaintiff's Motion for Attorney Fees and Costs is GRANTED IN PART and DENIED IN PART. Defendant lacked substantial justification in objecting to 11 of 17 of Plaintiff's requests for admission that were dealt with in the underlying Motion for Order. This means Plaintiff may receive attorney fees. Plaintiff has the burden of proof in demonstrating entitlement to fees requested. While Plaintiff requested fees for sixteen hours of work, he has only carried his burden regarding 12.8 hours. The rate of $250 per hour is uncontested. This produces a fee of $3200. However, the Court further reduces this fee by multiplying it by 11/17 to account for the fact that Defendant had substantial justification regarding some requests. This results in a fee of $2,070.59. Plaintiff has failed to carry his burden regarding $9.05 of costs requested. Amy S. Gurgle and Wilson, Elser, Moskowitz, Edelman & Dicker LLP shall pay $2,070.59 to Plaintiff's counsel within **thirty days** of the date of this opinion. Filing objections does not stay the Order of the Court.

## II. Facts

1.      On July 20, 2006, the parties jointly agreed that any requests for admission should be served by August 10, 2006, and any responses should be served by September 11, 2006.[3]

2.      On August 3, 2006, the Honorable Frederick P. Stamp, Jr., U.S. District Judge, entered a Scheduling Order.[4] The Court ordered the parties complete discovery by September 19, 2006. The Court stated the term "completed discovery" meant "that all discovery, objections, motions to compel and all other motions and replies relating to discovery in

---

[3] Docket No. 7

[4] Docket No. 9

this civil action must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses."  The Court further stated that "all discovery" within the term "completed discovery" "includes the disclosures required by Fed. R Civ. P. 26(a)(1), (2) and (5), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3)."  The Court also ordered that "The preemptive limitations on discovery under Fed. R. Civ. P. 26(a)(5) (i.e., numbers of interrogatories, requests for admission, and depositions) set out in LR Civ P 26.01(c) apply to this action unless stipulated to by the parties and agreed to by the Court or otherwise ordered."

3.     On August 10, 2006, Defendant served one request for admission on Plaintiff.  Plaintiff did not respond to the request.

4.     On August 15, 2006, Plaintiff served her requests for admission on Defendant.[5] Defendant filed its objections and responses on September 11, 2006.[6]

5.     In its objections and responses, Defendant raised two objections to each of Plaintiff's nineteen requests for admission.  First, Defendant asserted that since the parties had jointly agreed on July 20 that all requests for admission be served by August 10, 2006, Plaintiff's Requests filed on August 15, 2006, were untimely.  Second, Defendant asserted the Requests were irrelevant since the case was to be decided on the administrative record alone.  Defendant also objected to Request 3 as seeking a statement of law.

---

[5] Docket No. 10

[6] Docket No. 11

6.      Plaintiff filed its Motion for Order regarding requests for admission, which proceeded as set forth above.

7.      On November 7, 2006, this Court issued a Memorandum, Opinion, and Order granting in part and denying in part Plaintiff's Motion.  This may be found at 2006 WL 3290859, 2006 U.S. Dist. LEXIS 81853.  The Court granted the motion regarding requests 6 and 8-19, but denied it regarding requests 3-5 and 7.[7]  The Court noted that while Plaintiff had sought attorney fees and costs in his Motion, the Court believed additional consideration of the issue appropriate before deciding the issue.  The opinion scheduled a hearing and opportunity to be heard for December 8, 2006.

8.      Plaintiff's Motion for Attorney Fees and Costs proceeded as set forth above.


### III.  Plaintiff's Motion for Attorney Fees and Costs

A.      Contentions of the Parties

Plaintiff asks this Court to grant her Motion.  Plaintiff argues Defendant was not substantially justified in litigating regarding the requests for admission.  Plaintiff's counsel states he has experience in this type of case and requests a fee of $250 per hour for sixteen hours, plus $9.05 in costs, for a total of $4,009.05

Defendant asks the Court to deny the Motion.  Defendant contends it was substantially justified in arguing against answering the requests.  Defendant argues the objections it made to the requests for admission were based on a reasonable interpretation of case law from within the Fourth Circuit.

---

[7]  Plaintiff did not seek to compel responses to requests 1-2.

B.    Discussion

## I.

### The Determination of Whether Plaintiff Is Entitled to Attorney Fees and Costs

#### A.

##### Standards Regarding How Defendant May Avoid Paying Attorney Fees and Costs by Having a Substantially Justified Argument

Requests for admission are governed by Federal Rule of Civil Procedure 36.  Rule 36(a) provides that "The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion."  When a discovery motion is granted, Rule 37(a)(4)(A) is relevant.  Rule 37(a)(4)(A) states as follows:

> If the motion is granted or if the disclosure of requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

However, since in this case the underlying Motion filed by Plaintiff was granted in part and denied in part, the relevant Rule is Rule 37(a)(4)(C).  That Rule provides that where a motion is granted in part and denied in part, a court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."  Id.

Although Rule 37(a)(4)(C) does not contain the same inquiry regarding substantial justification and other circumstances as Rule 37(a)(4)(A), courts interpreting Rule 37(a)(4)(C) have applied the inquiries of Rule 37(a)(4)(A).  In Mitchell v. AMTRAK, 217 F.R.D. 53, 55

(D.D.C. 2003), the court noted that where a discovery motion is granted in part and denied in part, Rule 37(a)(4)(C) applies. The court went on to state that "The party compelled can, however, escape liability by establishing that its resistance to the discovery was substantially justified." Id. The court cited Rule 37(a)(4)(A). Id. A similar finding was made in Lohrenz v. Donnelly, 187 F.R.D. 1, 10 (D.D.C. 1999). After determining that Rule 37(a)(4)(C) applied, the court found that "As the court interprets the Rules, however, it may refuse to apportion these expenses if it makes a finding of substantial justification as to any party's position or if 'other circumstances make an award of expenses unjust.'" Id. (quoting Fed. R. Civ. P. 37(a)(4)(A); (B)). The court in Coleman v. Dydula, 175 F.R.D. 177, 180 (W.D.N.Y. 1997) cited Rule 37(a)(4)(A) and noted Rule 37(a)(4)(C). It then stated that "Thus, unless some special circumstance exists, the losing party can avoid paying expenses only if his or her actions were substantially justified." Id. Other courts have also held the substantial justification and other circumstances inquiries of Rule 37(a)(4)(A) apply to Rule 37(a)(4)(C). See McCoo v. Denny's, Inc., 192 F.R.D. 675, 696 (D. Kan. 2000); Poole v. Textron, Inc., 192 F.R.D. 494, 498 (D. Md. 2000); Smith v. Conway Org., Inc., 154 F.R.D. 73, 78 (S.D.N.Y. 1994). This Court now joins the above courts in holding the substantial justification and other circumstances inquiries of Rule 37(a)(4)(A) also apply to Rule 37(a)(4)(C).

In Bryte v. American Household, Inc., 142 Fed. Appx. 699, 703 (4th Cir. 2005), the Fourth Circuit held that the definition of substantial justification enunciated by the Supreme Court in Pierce v. Underwood, 487 U.S. 552, 565 (1988), which was a Social Security case, also applies to the definition of substantial justification in Rule 37. Other circuits had previously held likewise. See Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 765 (6th Cir. 2005);

Pan Am. Grain Mfg. Co., Inc. v. P.R. Ports Auth., 295 F.3d 108, 116 (1st Cir. 2002); Maddow v. Proctor & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997). The Pierce court found to be substantially justified means a party is "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. The standard is "satisfied there is a 'genuine dispute.'" Id.

As detailed in the Court's previous opinion, ruling on the Motion for Order involved essentially two issues. The first concerned whether Plaintiff had timely filed her requests. The second regarded whether, if the requests were timely, they were permissible since the case is to be decided on the administrative record alone. The Court found the requests were timely and further determined that most of the requests were appropriate. Thus, the Court largely granted the Motion for Order and ordered Defendant to respond.

Since Defendant lost the Motion for Order, Plaintiff is entitled to attorney fees unless Defendant's arguments were "substantially justified," special circumstances make the award unjust, or Plaintiff failed to meet and confer before filing her Motion. Fed. R. Civ. P. 37(a)(4)(A); (C). Defendant only argues its objections were substantially justified. The Court also finds that neither of the other two situations apply. The Court will now proceed to examine whether Defendant's arguments regarding the timeliness of the requests and the permissibility of the requests had substantial justification.

B.

Defendant's Arguments Regarding the Timeliness of the Requests for Admission

The Court first addresses whether Defendant's arguments regarding the timeliness of Plaintiff's requests for admission was substantially justified. Defendant's brief in the Motion for Order raised two arguments under this heading. First, Defendant contended the requests were

not timely under the time frame for filing requests agreed to by the parties. Second, Defendant argued that when the Court's Scheduling Order required discovery to be completed by September 19, 2006, this required Plaintiff to file any discovery motion in time for Defendant to respond by September 19. For the reasons enunciated in the Court's previous opinion, these arguments were rejected.

The Scheduling Order clearly included requests for admission when it required discovery be completed by September 19. The Court will not set out all the details regarding the Court's Scheduling Order again.

Defendant's argument that the parties' agreed time frame controlled the case rather than the Court's Scheduling Order clearly contradicts the law. A valid scheduling order controls the litigation until modified. Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 610 (9th Cir. 1992) (stating that "The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier"). A party is not substantially justified in litigating a position plainly against the Federal Rules. Cf. Thompson v. Sullivan, 980 F.2d 280, 283 (4th Cir. 1992) (holding in the Social Security context that a policy of non-acquiescence to circuit precedent is not substantially justified).

Defendant was also not substantially justified in arguing Plaintiff had to file any discovery motion so Defendant would have a chance to respond by September 19, 2006. The Court's Scheduling Order was entered on August 3. If Plaintiff had filed her requests for admission the next day, August 4, Defendant would have had until September 6, 2006 to

respond.[8]  Fed. R. Civ. P. 6(e); 36(a).  Even if Plaintiff had filed his Motion on September 7,

Defendant would have had fourteen days to respond under Local Rule 7.02, plus another three

days under Rule 6(e).  This is beyond the September 19 deadline.  Giving Plaintiff the obligation

to provide Defendant enough time to respond under the normal litigation process would have

effectively precluded Plaintiff from filing any requests for admission since she would have had

no recourse if Defendant chose not to respond.  Yet the Scheduling Order explicitly

contemplated requests for admission.  Since the Scheduling Order did not leave enough time for

the parties to go through the normal litigation process in discovery motions by September 19, it

was not reasonable to argue Plaintiff had an obligation to do this.  Thus, Defendant's position

was not substantially justified.

## C.

### Defendant's Arguments Regarding the Permissibility of the Requests

The Court now addresses Defendant's argument that it was substantially justified in

contending the requests for admission were impermissible as being outside the scope of the

administrative record, which is the only material the Court may consider.  Defendant contends its

position was well-supported by case law, even if the Court disagreed.  Defendant also notes that

while the Court relied heavily upon Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94,

103 (W.D.N.Y. 2000) in its previous opinion, neither party cited the case in their briefs and

Defendant could not foresee it would be applied to the case.  Defendant finally notes the Court

---

[8] Rule 36 gives a party thirty days from the time requests for admission are filed to respond.  Rule 6(e) states that "Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)."  In making service by mail and fax, Plaintiff acted under Rule 5(b)(2)(B) and (C).  Therefore, the Rules provided thirty-three days to respond.

denied some of the requests for admission.

The Court begins by noting Defendant is correct in finding the Court's previous opinion did not fully grant Plaintiff's Motion. While the Court granted the Motion regarding requests 6 and 8-19, it denied the Motion regarding requests 3-5 and 7. Defendant's arguments regarding requests 3-5 and 7 were obviously justified and no further consideration need be given them.

The Court now turns to whether Defendant's arguments against the requests for admission where Plaintiff's Motion was granted were substantially justified. Analysis of the Court's previous opinion reveals the Court granted the Motion regarding each request for one of two reasons. The first was that the request simply asked Defendant to admit the content of material contained in the record and that such material was clearly subject to requests for admission. The second was that the request was proper under Nagele, 193 F.R.D. at 103. The Court now considers whether Defendant's objections to the requests granted under either category were substantially justified.

To understand whether Defendant's objections were substantially justified, it is first necessary to understand the legal framework governing discovery in ERISA cases. Although this will involve going over matters in the Court's previous opinion again, the Court will do this to a limited degree.

Requests for admission are governed by Federal Rule of Civil Procedure 36. This allows a party to "serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact." Fed. R. Civ. P. 36(a). Requests for admission "narrow the array of issues before the court, and thus expedite both the discovery

process and the resolution of the litigation." Adventis, Inc. v. Consol. Property Holdings, Inc., 124 Fed. Appx. 169, 172 (4th Cir. 2005).

The amount of evidence the Court may consider in this ERISA case significantly depends upon the standard of review applied. The Court will review a plan administrator's decision under either an abuse of discretion or de novo standard. Gallagher v. Reliance Std. Life Ins. Co., 305 F.3d 264, 269 (4th Cir. 2002); Feder v. Paul Revere Life Ins. Co., 228 F.3d 518, 522 (4th Cir. 2000). The Court will interpret the terms of the plan to determine which standard applies. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Where de novo review is applied, a reviewing court "should only look at the evidence that was before the plan administrator or trustee at the time of the determination." Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 (4th Cir. 1993). Courts may only review evidence outside the record in exceptional circumstances. Id. at 1027. Yet while such evidence may be admissible in a de novo standard, "the contrary approach should be followed when conducting a review under either an arbitrary and capricious standard or under the abuse of discretion standard." Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994).

The Court's previous opinion declined to consider whether the insurance policy at issue fell under the abuse of discretion or de novo standard. The Court believed this a matter properly committed to the discretion of the district court, which will make the final decision on how to interpret the plan and the administrator's decision. Nevertheless, the Court proceeded to interpret whether Plaintiff's requests for admission were permissible under the Defendant-friendly abuse of discretion standard.

The Court stated requests seeking to have Defendant admit the contents of the

administrative record were permissible under either standard since the Court would consider the record under both standards.  Sheppard, 32 F.3d at 125; Quesinberry, 987 F.2d at 1025.  The Court found requests could help clarify the contents of the administrative record.  Adventis, Inc., 124 Fed. Appx. at 172.

The Court also found the Fourth Circuit had implicitly improved other discovery under the abuse of discretion standard.  Citing Bedrick by & Through Humrickhouse v. Travelers Insurance Co., 93 F.3d 149, 153-54 (4th Cir. 1996), the Court held discovery appropriate to determine how the administrator made the decision to deny benefits.  In Bedrick, the court discussed how an answer to an interrogatory asking about how the administrator made its decision revealed a flawed analysis.  Id. at 153.  The Bedrick court also considered how the deposition of a doctor revealed the doctor's lack of qualifications and the lack of basis for her medical evaluation of the claimant.  Id. at 153-54.  After considering the implicit holding of Bedrick, the Court found defined categories of permissible discovery enunciated by the Nagele court largely paralleled the Bedrick discussion and so adopted Nagele, 193 F.R.D. at 103.

With these considerations in mind, the Court considered Plaintiff's requests individually to determine which of them were permissible assuming arguendo an abuse of discretion standard applied.  The Court granted the Motion regarding requests 6 and 8-19, but denied it for requests 3-5 and 7.

The Court does not believe Defendant was substantially justified in objecting to the requests the Court granted because they ask Defendant to admit the contents of the administrative record.  As mentioned above, the Court will consider this information regardless of which standard is applied.  Sheppard, 32 F.3d at 125; Quesinberry, 987 F.2d at 1025.

Requests for admission regarding the administrative record could narrow the issues in dispute and so save scarce judicial resources. Adventis, Inc., 124 Fed. Appx. at 172.

While Defendant cites Quesinberry for the notion that admission of material beyond the administrative record is impermissible and argues this shows its objections had substantial justification, the Court rejects this argument. Defendant is correct that Quesinberry states a reviewing court should normally not consider material beyond the record. Quesinberry, 987 F.2d at 1025. The Court acknowledged this above and in its underlying opinion. Yet requests that merely seek admissions concerning the contents of the record do not violate this principle. Arguing that requests for admission concerning even the contents of the record are impermissible would essentially mean that no requests may be served in ERISA cases. While Defendant does not explicitly make this argument, this is the logical implication of what it contends.[9] Of course, this is clearly not the case. A number of courts within this circuit have dealt with requests for admission in the ERISA context. See, e.g., Metcalf v. Fasco Employee Retirement Plan, 293 F. Supp. 2d 591, 596 (E.D.N.C. 2003); Kress v. Food Employers Labor Relations Ass'n, 285 F. Supp. 2d 678, 681 (D. Md. 2003); Fuqua v. Tarmac of Am., Inc., 228 F. Supp. 2d 755, 762 (E.D. Va. 2002).

Defendant also contended at oral argument that while some of Plaintiff's requests for admission may on their face appear to have requested only admissions concerning the contents of the record, they in fact sought admissions on Plaintiff's spin of the record. This may be the case. Yet the proper answer to such requests is not to object to answering, but to deny the

---

[9] This would be a curious position for Defendant to argue since it served a request for admission on Plaintiff.

request.[10]  Fed. R. Civ. P. 36(a) (stating that "A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request").  Defendant was not substantially justified in objecting.

A different analysis must apply, however, to the requests where the Court granted the Motion based on the Nagele categories.  Although the Court found the Fourth Circuit has implicitly approved limited discovery in ERISA cases by looking to Bedrick, it is unreasonable to expect Defendant to know what the Court will infer from case law.  The Court cannot expect Defendant to look into a crystal ball and foresee the Court's reasoning.  Furthermore, while Defendant could have obtained the clear holding of Nagele case by researching the case law, the Court cannot hold Defendant responsible for not finding non-controlling case law.[11]  Only requests 12 and 17 were granted based on the Nagele categories.  The Court will examine whether, aside from Bedrick and Nagele, Defendant had substantial justification for opposing these two requests.

The Court believes Defendant had substantial justification for opposing requests 12 and 17.  Defendant correctly noted in his brief in the underlying Motion that Quesinberry states that even under the Plaintiff-friendly de novo review standard, only the administrative record should generally be considered.  Quesinberry, 987 F.2d at 1025.  Request 12 asked Defendant to admit that "normal shoulder abduction is 180 degrees."  Request 17 asked Defendant to admit that it uses the same definitions of sedentary work and light work as does the Social Security

---

[10] Defendant appears to have figured this out after the Court issued its first opinion, for it denied three requests for admission without explanation in its answers of November 20, 2006.

[11] It is possible that case law from other courts could make the law so clearly established that a party would not be substantially justified in taking a contrary position.  Given the complexity of ERISA, that is not the case here.

Administration.  While the Court disagreed with Defendant's argument that consideration of this material is prohibited as outside the administrative record, Defendant's position under Quesinberry is at least arguable.  There is a "genuine dispute."  Pierce, 487 U.S. at 565.  Hence, Defendant's arguments regarding these two requests were substantially justified.

In sum, Defendant's arguments regarding requests 6, 8-11, 13-16, 18, and 19 were not substantially justified.  Defendant did have substantial justification for its argument against requests 3-5, 7, 12, and 17.  Since Defendant did not have substantial justification for some of its arguments, the Court will proceed to calculate the attorney fees and costs Plaintiff should receive.

IV.

Determination of the Attorney Fees and Costs Plaintiff Should Receive

A.

Standards in Determining Attorney Fees

Plaintiff seeks attorney fees under Rule 37(a)(4).  That Rule allows a party to obtain "reasonable expenses incurred in making the motion, including attorney's fees."  Id.  Where the underlying Motion is granted in part and denied in part, the Court may "apportion the reasonable expenses incurred in relation to the motion among the parties in a just manner."  Fed. R. Civ. P. 37(a)(4)(C).  The Fourth Circuit has not established any specific approach for calculating attorney fees under Rule 37(a)(4).  Poole, 192 F.R.D. at 507.  Case law from other courts, however, is well established.

The Court first notes the moving party bears the burden of proof.  Kister v. Dist. of Columbia, 229 F.R.D. 326, 329 (D.D.C. 2005).  Even if the movant meets its burden, the Court

retains considerable discretion to adjust any fee in light of objections.  Id.

A party seeking attorney fees may only recover for time spent in preparing the discovery motion.  Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002).  The party may not recover for time spent in preparing the discovery requests leading to the motion.  Id.  "Discovery dispute or no, those fees would have been incurred."  Id.  A party may also not seek compensation "for time that is excessive, duplicative, or inadequately documented."  Scham v. Dist. Courts Trying Crim. Cases, 148 F.3d 554, 558 (5th Cir. 1998).

The relevant rate an attorney should be paid per hour is the common rate in the community in which the reviewing court is located.  Tollett, 285 F.3d at 368.  The moving party should prove the prevailing rate in the community by affidavits from other attorneys.  Watkins v. Fordice, 7 F.3d 453, 458-59 (5th Cir. 1993).  An affidavit from the attorney representing the moving the party does not present sufficient evidence by itself.  Raney v. Fed. Bureau of Prisons, 222 F.3d 927, 938 (Fed. Cir. 2000); Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).  A court may approve a fee rate sought with insufficient evidence where the non-moving party does not contest the rate.  Baulch v. Johns, 70 F.3d 813, 818 n. 8 (5th Cir. 1995).

Once a court determines the number of hours eligible for attorney fees, it should use the lodestar method to calculate the fee.  Broccoli v. Echostar Communications Corp., 229 F.R.D. 506, 512 (D. Md. 2005).  The lodestar number results from multiplying the number of hours eligible for fees times the fee rate.  Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).

Where a court denies an underlying motion in part and grants it in part, the court may

further reduce the amount to account for the degree of the prevailing party's success. <u>Poole</u>, 192 F.R.D. at 498 (quoting Fed. R. Civ. P. 37(a)(4)(C)). While a court has authority to apportion a fee award, it has discretion not to do so and instead to simply award the entire fee. <u>Coleman</u>, 175 F.R.D. at 182. Rule 37(a)(4)(C) allows the Court to fashion a fee "in a just manner" in order to account for the relative strength of the parties' positions.

The Court may award attorney fees and costs against either a party or counsel. Fed. R. Civ. P. 37(a)(4)(A). However, "In the absence of any evidence indicating that . . . [the party] itself was responsible for the sanctionable conduct, the Court will impose the sanctions against the law firm" of defense counsel. <u>DIRECTV, Inc. v. Puccinelli</u>, 224 F.R.D. 677, 693 n. 56 (D. Kan. 2004); <u>see also</u> <u>Sonnino v. Univ. of Kan. Hosp. Auth.</u>, 220 F.R.D. 633, 656 n. 91 (D. Kan. 2004).

B.

<u>The Evidence in this Case and Calculation of the Fee</u>

Plaintiff has requested fees and costs totaling $4,009.05. Plaintiff arrives at this number by asking for the rate of $250 per hour for sixteen hours, plus $9.05 in costs. Plaintiff has submitted evidence in support of the fee rate, plus an itemized statement of how counsel spent time working on the case.

The Court begins by determining the total number of hours eligible for attorney fees. Plaintiff's itemized statement reveals not all the hours sought are eligible. Counsel spent 2.1 hours writing the requests. Yet when counsel wrote the requests, Defendant had not yet objected. As the <u>Tollett</u> court held, those hours would have been expended even if Defendant had not objected. <u>Tollett</u>, 285 F.3d at 368. These hours may therefore not be considered.

18

Counsel has also sought to bill for the time spent in reviewing the answers Defendant ultimately served after the Court ruled on Plaintiff's Motion.  Since Plaintiff has not filed an additional Motion for Order, the Court assumes these answers were sufficient.  Counsel would have had to review these answers if Defendant had not objected and the underlying Motion had never been filed.  The .3 hours spent on this activity may therefore may not be considered.  Id.  There is also one item of work the Court does not understand.  Counsel has listed .8 hours of work as being done on November 27, 2006, for "Review answer to RFA; affidavit and brief."  The Court does not understand the work performed.  On the date the work was performed, Defendant had served its responses to the requests pursuant to the Court's order.  Plaintiff sought to bill separately for reviewing those responses, as mentioned above.  It also does not appear counsel spent this time preparing the Motion for Attorney Fees and Costs he later filed.  Counsel itemized that activity separately.  Thus, the Court concludes Plaintiff "inadequately documented" this activity and thereby failed to meets its burden of proof.  Scham, 148 F.3d at 558; Kister, 229 F.R.D. at 329.  These .8 hours will not be considered.

The remainder of the time appears to have been legitimately spent in dealing with Defendant's objections and the subsequent motions.  Furthermore, the number of hours spent working on this case does not appear to be "excessive, duplicative, or inadequately documented."  Scham, 148 F.3d at 558.  While it could be argued the .4 hours counsel spent reviewing Defendant's objections to the requests for admission would have been spent had Defendant not objected since counsel would have had to review the answers, the Court believes this time should be allowed.  Counsel's activity in reviewing objections represents different activity than reviewing responses.  Counsel had to research the legitimacy of the objections.  The

time counsel ultimately spent in reviewing Defendant's answers has been denied, as mentioned above. In sum, while Defendant sought 16 hours in attorney fees, the Court concludes 12.8 are eligible.

The Court now considers the fee rate Plaintiff should receive for the 12.8 hours of eligible work. Plaintiff has sought a fee of $250 per hour and has submitted evidence to support that fee rate. The Court need not consider this evidence since defense counsel conceded at oral argument that $250 per hour was an appropriate rate. Baulch, 70 F.3d at 818 n. 8. The Court will use this rate.

The Court now proceeds to use the lodestar method to determine the precise fee Plaintiff should receive. Broccoli, 229 F.R.D. at 512. Plaintiff has itemized 12.8 hours of work eligible for attorney fees. Multiplied by $250, this results in a fee of $3200.

Yet because Defendant had substantial justification for many of the requests for admission in dispute, the Court believes a reduction in this award is appropriate. Poole, 192 F.R.D. at 498 (quoting Fed. R. Civ. P. 37(a)(4)(C)). The Rules give the Court significant discretion to calculate a fee accurately reflecting the merits of the case, allowing the Court to fashion a fee "in a just manner." Fed. R. Civ. P. 37(a)(4)(C). Plaintiff's Motion for Order sought to compel responses to requests 3-19, for a total of 17 requests. The Court has found Defendant lacked substantial justification regarding requests 6, 8-11, 13-16, and 18. Defendant had substantial justification regarding requests 3-5, 7, 12, and 17. Thus, Defendant lacked substantial justification in 11 of 17 requests.

The Court believes the best way to account for the fact that Defendant had substantial justification regarding some requests is to multiply $3200 (the maximum attorney fee Plaintiff

may receive) by 11/17 (the number of requests where Defendant did not have substantial justification). This results in a fee of $2,070.59. This accurately reflects the merits of the case.

Finally, the Court notes Plaintiff has asked for $9.05 for a in fax fees. Plaintiff does not state when these fax fees were incurred. They could have been incurred during some of the activity Plaintiff may not seek to bill Defendant for, as detailed above. Plaintiff has failed to carry its burden on these fees and so they are disallowed. Kister, 229 F.R.D. at 329.

Amy S. Gurgle and Wilson, Elser, Moskowitz, Edelman & Dicker LLP shall pay $2,070.59 to Plaintiff's counsel. DIRECTV, Inc., 224 F.R.D. at 693 n. 56. They shall have **thirty days** from the date of this order to tender this amount to Plaintiff's counsel. Filing objections does not stay the Order of the Court.


IV.  Decision

Plaintiff's Motion for Attorney Fees and Costs is GRANTED IN PART and DENIED IN PART. Defendant lacked substantial justification in objecting to 11 of 17 of Plaintiff's requests for admission that were dealt with in the underlying Motion for Order. This means Plaintiff may receive attorney fees. Plaintiff has the burden of proof in demonstrating entitlement to fees requested. While Plaintiff requested fees for sixteen hours of work, he has only carried his burden regarding 12.8 hours. The rate of $250 per hour is uncontested. This produces a fee of $3200. However, the Court further reduces this fee by multiplying it by 11/17 to account for the fact that Defendant had substantial justification regarding some requests. This results in a fee of $2,070.59. Plaintiff has failed to carry his burden regarding $9.05 of costs requested. Amy S. Gurgle and Wilson, Elser, Moskowitz, Edelman & Dicker LLP shall pay $2,070.59 to Plaintiff's

counsel.  They shall have **thirty days** from the date of this Order to tender this amount to Plaintiff's counsel.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to the District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.  Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 5, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE
